1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

PERLA CENTELLA,

                              Petitioner,

        vs.

UNITED STATES OF AMERICA,

                              Respondent.

CASE NO. 07CV2348-LAB
[Related Case No. 06CR1195-LAB]

**ORDER DENYING MOTION TO
VACATE, SET ASIDE, OR
CORRECT SENTENCE**

[Dkt No. 203]

Petitioner Perla Centella ("Centella" or "Petitioner") moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct her sentence ("Motion") following her guilty plea and sentencing in Criminal Case No. 06cr1195-LAB.   By the express terms of her Plea Agreement, and on the record of her change of plea and sentencing hearings, Petitioner waived her right to seek collateral relief.  Accordingly, the Motion is **DENIED**.

Petitioner was represented by counsel throughout her criminal case.  She appeared with co-defendants before Magistrate Judge William McCurine, Jr. on September 15, 2006 to enter a plea of guilty to one charge of bringing illegal aliens into the United States for financial gain and aiding and abetting, out of a 15-count Indictment against her and seven other defendants.   Reporter's Transcript of 9/15/06 Disposition Hearing ("Dispo. R.T.").  On the record at that hearing, Petitioner acknowledged:  she was satisfied with the advice her attorney had given her (Dispo R.T. 4:17-19); she understood the rights recited on the record she was giving up by pleading guilty (Dispo R.T. 5:22-6:1); she understood the elements of

the indictment count she was pleading guilty to as read to her on the record (Dispo. R.T. 6:6-7:7); she admitted the factual basis for her plea as recited in the written plea agreement and as read into the record (Dispo. R.T. 712-9:3); and she understood the maximum penalties she could face if she pled guilty as recited on the record (as pertinent here, no less than a three-year sentence, and a possible maximum 10-year prison term) (Dispo. R.T. 19:4-17, 23:13-17).  In addition, the Magistrate Judge recited:

> THE COURT: Okay.  Madam and gentlemen, there are two terms in your plea agreement[s] that I want to make sure you understand.  One term is appeal, and the other is collateral attack.  These terms are relevant because you are giving up certain rights to appeal or collaterally attack under certain conditions.  [¶]  An appeal means to go to a higher court and ask that higher court to review or change some action taken at this Trial Court level where your case is currently being prosecuted.  A collateral attack means to go to some tribunal or other authority some place else, and before that other tribunal challenge the validity of your plea, conviction or sentence in this court.  [¶]  Do you understand those two terms?
>
> DEFENDANT CENTELLA: Yes.

Dispo. R.T. 26:10-24.

The Magistrate Judge then read into the record read from  Centella's plea agreement:

> THE COURT:  .  .  .  In exchange for the Government's concessions in this plea agreement, Defendant waives to th[e] full extent of the law any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the court imposes a custodial sentence greater than the high end of the guideline range or statutory mandatory minimum term if it applies.  If the –– recommended by the United States pursuant to this plea agreement at the time of sentencing.  [¶] If the custodial sentence is greater than the high end of that range, the Defendant may appeal, but the Government will be free to support on appeal the sentence actually imposed.  If Defendant believes the Government's recommendation is not in accord with this plea agreement, Defendant will object at the time of sentencing.  Otherwise, the objection will be deemed waived.  [¶]  Do you understand, each of you, that that is part of your plea agreement?
>
> DEFENDANT CENTELLA: Yes.

Dispo. R.T. 27:5-23.

The Magistrate Judge then verified with Petitioner that the signature and the initials on her Plea Agreement were in fact hers.  Dispo. R.T. 30:6-15.  She again responded in the

1   affirmative when asked whether she was satisfied with the advice her attorney had given her.

2   Dispo. R.T. 32:22-24.  She then entered her guilty plea.  Dispo. R.T. 34:10-14.

3          Petitioner was sentenced on February 12, 2007 by the undersigned District Judge for

4   the conviction of bringing undocumented aliens into the United States for financial gain.  On

5   the record, her counsel confirmed that conviction for violation of 8 U.S.C. § 1324 carried a

6   three-year mandatory minimum sentence, and argued extensively on Centella's behalf

7   regarding her family history and characteristics, her remorse, her lack of criminal history, her

8   strong attachments to her husband and children, and the like.  Her counsel noted "were Ms.

9   Centella sentenced simply in accordance with the Guidelines, she would be looking to have

10  an 18-months sentence," but acknowledged "instead, the three-year mandatory minimum

11  takes precedence."  R.T. 4:11-14.  The prosecutor requested the court sentence Petitioner

12  to the minimum mandatory sentence of 36 months in custody, noting: "She would have been

13  charged with a five-year minimum mandatory, and she was allowed to plead to one count

14  for financial gain and the court to impose a term of supervised release."  R.T. 10:14-19.

15         The court agreed with defense counsel "under ordinary circumstances somewhere

16  between 18 and 24 months would be the right sentence in this case," with probably the

17  higher end appropriate "given the scope and duration" of the smuggling enterprise.  R.T.

18  11:9-16.  "But all of this is academic because pursuant to 5(g)(1) of the Guidelines, there is

19  a mandatory required sentence of three years given that Ms. Centella has plead guilty to

20  bringing in undocumented aliens for financial gain."  R.T. 11:17-20.  "So the court finds that

21  it has no choice but to impose the minimum required sentence of 36 months . . . to be

22  followed by a period of supervised release of three years."  R.T. 12:18-21.  The court

23  expressly confirmed with defense counsel: "I believe this sentence comports with what was

24  bargained for in the plea agreement and triggers a waiver of any right to appeal or

25  collaterally attack the judgment of the court in the future."  R.T. 13:22-14:1.

26         Against that record, Petitioner nonetheless filed a 28 U.S.C. § 2255 motion for writ

27  of habeas corpus, alleging: (1) ineffective assistance of counsel; (2) violation of plea

28  agreement; (3) violation of right to appeal; and (4) violation of presentence report.  The

1  Government has filed a Response.  Petitioner's attempted Reply to Response is being

2  separately rejected by Discrepancy Order.

3        The court finds the Petition to be without merit, and enforces her waiver of collateral

4  attack in the written Plea Agreement and as recited on the record at both her change of plea

5  hearing and her sentencing.  She received the custodial sentence contemplated by her plea

6  Agreement, a mandatory minimum for her conviction.  Her waiver bars any claim other than

7  an unknowing or involuntarily entered plea agreement. The record belies any such

8  contention, and she makes no threshold showing her counsel could be found ineffective

9  under the applicable standard of Strickland v. Washington, 466 U.S. 668, 690-92 (1984) on

10  grounds (1) her attorney's performance was deficient, and (2) that deficient performance

11  prejudiced her defense.  A waiver of the right to file a collateral challenge is unenforceable

12  *only* with respect to an ineffective assistance of counsel claim implicating the voluntariness

13  of the waiver.  Washington v. Lampert, 422 F.3d 864 (9th Cir. 2005).  Two judges, at points

14  prior to her change of plea and the prior to imposition of sentence, ensured Petitioner's

15  waivers were voluntary.  The transcripts of the plea and sentencing hearings on their face

16  belie Petitioner's representations. The Court finds any attempt to appeal or to collaterally

17  attack her conviction or sentence is inconsistent with and foreclosed by her valid waivers of

18  those rights, as expressly incorporated into her Plea Agreement, the record of her change

19  of plea  hearing, and the sentencing record.

20        For all the foregoing reasons, **IT IS HEREBY ORDERED** the Motion is **DENIED** and

21  the case is **DISMISSED WITH PREJUDICE**.

22        **IT IS SO ORDERED**.

23  DATED:  March 21, 2008

24

25  **HONORABLE LARRY ALAN BURNS**
    United States District Judge

26

27

28